Xiang CHEN, Petitioner—Appellant,

v.

**U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent—Appellee.**

No. 03–35748.

D.C. No. CV–02–00929–AJB/DJH.

United States Court of Appeals, Ninth Circuit.

Submitted July 15, 2004.*

Decided July 26, 2004.

---

* Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Michael T. Purcell, Portland, OR, for Petitioner–Appellant.

Kenneth C. Bauman, Office of the U.S. Attorney, Mark O. Hatfield U.S. Courthouse, Portland, OR, for Respondent–Appellee.

Before REAVLEY,** W. FLETCHER, and TALLMAN, Circuit Judges.

## MEMORANDUM***

Xiang Chen, a citizen of the People's Republic of China, filed an Application for Asylum following his entry into the United States. Chen's application was denied by an Immigration Judge, and the Board of Immigration Appeals (BIA) affirmed. Chen remained in the United States while the Immigration and Naturalization Ser-

vice (INS) attempted to obtain necessary travel documents for him from the Chinese government. During this time, Chen married a United States citizen, Ling Chiu. Chiu filed an I–30 form, Petition By Alien Relative, which the INS granted. However, since a Warrant of Removal/Deportation for Chen had already issued, Chen was required to reopen his case before the BIA in order to apply for an adjustment of status.

Because more than 90 days had elapsed since the denial of Chen's asylum petition on appeal, the BIA could entertain a motion to reopen only if both parties agreed. To this end, Chen filed with the INS an Application for Permission to Reapply for Admission to the United States. The INS district director denied Chen's request, and the INS Administrative Appeals unit affirmed this denial.

While these proceedings were pending before the INS, Chen filed a habeas petition in federal district court. The district court granted Chen a temporary stay of deportation but ultimately adopted the magistrate's report recommending that Chen's habeas petition be denied.

To show that the district director violated his due process rights, petitioner must demonstrate that the director deprived him of a protected liberty interest. *Hernandez–Mezquita v. Ashcroft*, 293 F.3d 1161, 1165 (9th Cir.2002) (citing *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)). In order to claim a liberty interest in a statutorily granted benefit, "a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Green-*

---

** Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

holtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) (quoting Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). If a statute does not "mandate a particular outcome," there is no legitimate claim of entitlement and, hence, no liberty interest. Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th Cir.2002).

A petitioner has 90 days to file a motion to reopen, unless one of the exceptions listed in 8 C.F.R. § 3.2(c)(3) applies. See 8 C.F.R. § 3.2(c)(2). The only applicable exception, and the one at issue here, is for a motion to reopen "[a]greed upon by all parties and jointly filed." Id. § 3.2(c)(3)(iii). The regulation leaves the district director with complete discretion to deny the motion for "any constitutionally permissible reason, or for no reason at all." Olim v. Wakinekona, 461 U.S. 238, 249, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983) (internal quotation marks and citation omitted).

Chen did not have an entitlement to the district director's exercise of discretion. As a result, Chen has no liberty interest that is protected by the due process clause, and the district director did not violate Chen's due process rights by failing to join in the motion.

AFFIRMED